# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-485V
UNPUBLISHED

| | |
|---|---|
| KEITH COUSENS,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: November 6, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Alison H. Haskins*, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.

*Traci R. Patton*, U.S. Department of Justice, Washington, DC, for respondent.

### **DECISION AWARDING DAMAGES**[1]

On April 2, 2019, Keith Cousens filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS") as a result of his influenza ("flu") vaccine received him on September 23, 2017. Petition at 1-4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 20, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On November 4, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $139,825.98. The award is comprised of the following: $122,500.00 for pain and suffering; $3,866.49 for past unreimbursable out of pocket medical expenses; $995.05 for future unreimbursable medical expenses; and $12,464.44 for lost earnings.. Proffer at 1-2. In the Proffer,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $139,825.98 (comprised of $122,500.00 for pain and suffering, $3,866.49 for past unreimbursable out of pocket medical expenses, $995.05 for future unreimbursable medical expenses, and $12,464.44 for lost earnings) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KEITH COUSENS,        )<br>                       )<br>         Petitioner,  )<br>                       )<br>v.                     )<br>                       )<br>SECRETARY OF HEALTH AND HUMAN )<br>SERVICES,              )<br>                       )<br>         Respondent.   )<br>                       ) | No. 19-485V<br>Chief Special Master Corcoran<br>ECF<br>SPU |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

Keith Cousens ("petitioner") filed a petitioner for compensation on April 2, 2019, alleging that he suffered Guillain-Barré Syndrome ("GBS") due to an influenza ("flu") vaccine administered to him on September 23, 2017. On May 18, 2020, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. The Chief Special Master issued a Ruling on Entitlement on May 20, 2020, finding that petitioner was entitled to vaccine compensation for his GBS.

### I.   Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $139,825.98. The award is comprised of the following: $122,500.00 for pain and suffering; $3,866.49 for past unreimbursable out of pocket medical expenses; $995.05 for future unreimbursable medical expenses; and $12,464.44 for lost earnings. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

1

## II.  Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$139,825.98**, in the form of a check payable to petitioner.[1]  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/Traci R. Patton
TRACI R. PATTON
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, DC 20044-0146
Tel:  (202) 353-1589

Dated:  November 4, 2020

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.